

IT IS ORDERED

Date Entered on Docket: July 8, 2014

_____
**The Honorable Robert H Jacobvitz**
**United States Bankruptcy Judge**

___

UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEW MEXICO

In re:

William E. Seegel, 8689,
aka William Ennis Seegel,
and Gretchen Seegel, 4011,
aka Gretechn Joyce Seegel

Case No. 13-11726-j7

Debtor.

### DEFAULT ORDER GRANTING US BANK NATIONAL ASSOCIATION AS LEGAL TITLE TRUSTEE FOR TRUMAN 2013 SC3 TITLE TRUST ABANDONMENT OF PROPERTY LOCATED AT 6 FERNANDEZ LANE, ARROYO SECO, NEW MEXICO 87514

This matter came before the Court on the Motion to Abandon Property located at 6 Fernandez Lane, Arroyo Seco, New Mexico 87514, filed on June 4, 2014, Docket No. 30 (the "Motion") by US Bank National Association as Legal Title Trustee for Truman 2013 SC3 Title Trust ("Movant"). The Court, having reviewed the record and the Motion, and being otherwise sufficiently informed, FINDS:

(a) On June 4, 2014, Movant served the Motion and a notice of the Motion (the "Notice") on counsel of record for the Debtor(s) and the case trustee (the "Trustee") by use of the Court's case management and electronic filing system for the transmission of notices, as authorized by

Fed.R.Civ.P. 5(b)(3) and NM LBR 9036-1, and on the Debtor(s) by United States first class mail, in accordance with Bankruptcy Rules 7004 and 9014.

    (b)    The Motion relates to the following property:

> A certain tract of land in Des Montes, Taos County, New Mexico, within the Antonio Martinez Grant located within Projected Section 31, Township 27 North, Range 13 East, NMPM; described as being part of Tract 43, Map 42, Survey 4 of the 1941 Taos County Reassessment Survey; and more particularly described by metes and bounds as follows:
>
> BEGINNING at the NE corner of this tract; from whence the SE corner of the Arroyo Hondo Grant, a brass cap monument, bears N 71° 42' E. 9673.3 distant, and from whence a 5/8 inch rebar found as a witness corner, bears S 38° 39' W, 0.5 ft. distant. thence;
>
> S 03° 05"E. 133.0 ft. to the SE corner, from whence a 5/8 in rebar found as a witness corner bears S 84° 12'W, 0.3 ft. distant, thence;
> S 84 12' W. 82.7 ft. to the SW corner, from whence a 5/8 in. rebar found as a witness corner, bears S 84° 12' W, 0.3 ft. distant, thence;
> N 02° 55' W. 133.0 ft. to a 1/2 inch rebar found for the NW corner. thence;
> N 84° 12'E. 82.3 ft. to the POINT AND PLACE OF BEGNIINING
>
> This tract contains 0.252 acres.

(the "Property").

    (c)    The Notice specified an objection deadline of 21 days from the date of service of the Notice, to which three days was added under Bankruptcy Rule 9006(f);

    (d)    The Notice was sufficient in form and content;

    (e)    The objection deadline expired on June 30, 2014;

    (f)    As of July 1, 2014, neither the Debtor nor the Trustee, nor any other party in interest, filed an objection to the Motion;

    (g)    The Motion is well taken and should be granted as provided herein; and

    (h)    By submitting this Order to the Court for entry, the undersigned counsel for Movant certifies, under penalty of perjury that, on June 30, 2014 Robin L. Hill, Bankruptcy Legal Assistant searched the data banks of the Department of Defense Manpower Data Center ("DMDC"), and found that the DMDC does not possess any information indicating that the Debtor is currently on active military duty of the United States.

IT IS THEREFORE ORDERED:

1. Pursuant to 11 U.S.C. §362(d), Movant and any and all holders of liens against the Property, of any lien priority, are hereby are granted abandonment of the property:

    (a) To enforce their rights in the Property, including foreclosure of liens and a foreclosure sale, under the terms of any prepetition notes, mortgages, security agreements, and/or other agreements to which Debtor is a party, to the extent permitted by applicable non-bankruptcy law, such as by commencing or proceeding with appropriate action against the Debtor or the Property, or both, in any court of competent jurisdiction; and

    (b) To exercise any other right or remedy available to them under law or equity with respect to the Property.

2. The Trustee is deemed to have abandoned the Property from the estate pursuant to 11 U.S.C. §554 as of the date of entry of this Order, and the Property therefore no longer is property of the estate. As a result, Movant need not name the Trustee as a defendant in any state court action it may pursue to foreclosure liens against the Property and need not notify the Trustee of any sale of the Property.

3.. This Order does not waive Movant's claim against the estate for any deficiency owed by the Debtor after any foreclosure sale or other disposition of the Property. Movant may file an amended proof of claim this bankruptcy case within 30 days after a foreclosure sale of the Property, should it claim that Debtors owe any amount after the sale of the Property.

4. This Order shall continue in full force and effect if this case is dismissed or converted to a case under another chapter of the Bankruptcy Code.

XXX END OF ORDER XXX

Submitted by:

LITTLE, BRADLEY & NESBITT, P.A.

By: /S/Electronically submitted/ 7.3.14
Karen H. Bradley
Attorney for Creditor
P.O. Box 3509
Albuquerque, New Mexico 87190
Ph: (505) 248-2400   Fax: (505) 254-4722

Copies to:

Clifford C. Gramer, Jr.
Attorney for Debtor(s)
3733 Eubank Blvd NE
Albuquerque, NM 87111-3536

Yvette J. Gonzales
Trustee
PO Box 1037
Placitas, NM  87043-1037

William E. Seegel
Gretchen Seegel
Debtors
2714 Greene Avenue
Fort Worth, TX 76109